UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FAMILY EXPRESS CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO 2:10-CV-496 JD |
| | ) |
| CREATIVE RISK SOLUTIONS, INC., | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

Opinion and Order

On September 20, 2010, Plaintiff, Family Express Corporation ("Family Express") filed a Complaint in Porter County Circuit Court. *See* DE 1. On December 20, 2010, the Defendants, Creative Risk Solutions, Inc. ("Creative") and Holmes, Murphy and Associates, Inc. ("HMA"), removed the case to this Court. *See* DE 3. On January 12, 2011, Family Express filed a motion to remand. *See* DE 8. On January 26, 2011, the Defendants filed a response in opposition. *See* DE 10. On February 7, 2011, Family Express filed a reply. *See* DE 11. For the reasons discussed below, the Court **GRANTS** Family Express's motion for remand.

**I. Factual Background**

The following facts are taken from the parties' briefs and the attached exhibits.[1] In May 2010, a dispute arose between Family Express and Creative, regarding Creative's handling of workers' compensation claims on behalf of Family Express. On June 24, 2010, counsel for

---

[1]The Defendants contend that Family Express's exhibits are not admissible because they were made pursuant to ongoing settlement discussions. However, as discussed in more detail below, the Court rejects the Defendants' argument in this regard, noting numerous Seventh Circuit opinions wherein such evidence was considered admissible in order to establish jurisdiction and the amount in controversy, the precise issue raised in Family Express's motion to remand. *See Rising-Moore v. Red Roof Inns Inc.*, 435 F.3d 813, 816 (7th Cir. 2006); *Thomas v. Law Firm of Simpson & Cybak*, 244 Fed.Appx. 741, 744 (7th Cir. 2007) (unreported case).

Family Express wrote a detailed letter to Creative's President, detailing a number of Family Express's concerns regarding the way workers' compensation claims were being handled. *See* DE 9-1. Therein, Family Express accused Creative of either not understanding Indiana workers' compensation law or acting too prudently to protect Creative's legal interests rather than Family Express's interests. *See* DE 9-1 at 2-3, 5. Specifically, Family Express noted a number of claims investigations, wherein Creative allegedly had not sought medical records from a claimant's treating physicians or had not attempted to obtain medical approval for a claimant's restricted return to work. *See* DE 9-1 at 3-4. As a result of these alleged deficiencies, Family Express asserted that it had paid $300,000. *See* DE 9-1 at 3.

Family Express concluded its letter by alleging that "Creative [] has failed in its obligation to properly and effectively manage these claims." *See* DE 9-1 at 5. Family Express then attached a "formal demand letter" requesting payment of "75% of [Family Express's] costs to date attributable to [the] claims"; payment of "Family Express' out-of pocket expenses to date, including attorneys' fees"; and "[a]cceptance by Creative [] of all future costs attributable to the matter." *See* DE 9-1 at 5-6.

The parties' dispute continued, however, as evidenced by a second letter sent by Family Express's counsel to Creative's President, on July 7, 2010. *See* DE 9-2. In this second letter, Family Express clarified its prior contentions, asserting that Creative "did not exercise appropriate care in its administration of [redacted] workers' compensation claim." *See* DE 9-2 at 3. In addition, Family Express reiterated that Creative had failed to seek the medical records of a certain claimant, resulting in payment of what, Family Express believed, was an otherwise-contestable workers' compensation claim. *See* DE 9-2 at 3-5. Family Express also reasserted that "[t]his inattention or inexperience has, to date, cost Family Express in excess of $300,000.

That liability will increase as treatment continues and impairments are assessed." *See* DE 9-2 at 5.

On July 28, 2010, Creative responded to Family Express's letters, through its counsel, Arthur C. Johnson, II. *See* DE 9-3 at 2-3. Attorney Johnson represents both Creative and HMA in the immediate litigation as well. In the response letter, Creative rejected Family Express's settlement demand, disputing "Family Express' allegation that it did not exercise appropriate care in its administration of worker's compensation claim" and "Family Express' calculation of damages." *See* DE 9-3 at 2-3. In particular, Creative expressly rejected Family Express's contention that it had suffered $300,000 in damages and rejected Family Express's assertion that Creative should additionally pay for Family Express's attorneys fees or future out-of-pocket expenses. *See* DE 9-3 at 3.

On September 20, 2010, the dispute still not resolved, Family Express filed a complaint against Creative and HMA, in Porter County Circuit Court, alleging numerous claims including negligence, breach of contract, and breach of fiduciary duties. *See* DE 1. Therein, Family Express alleged that Creative was negligent in handling a number of workers' compensation claims on Family Express's behalf and that Creative, additionally, breached its contract with and fiduciary duties towards Family Express. In addition, Family Express alleged that HMA, an insurance broker who initially selected Creative as the administrator of Family Express's "captive insurance concept", was also negligent in its brokerage duties and breached its fiduciary duties to Family Express by selecting Creative to administer Family Express's workers' compensation claims.

On September 24, 2010, the Defendants were served with Family Express's complaint. *See* DE 10 at 1. Over a month later, on November 4, 2010, the Defendants forwarded a request

for admissions to Family Express. *See* DE 10 at 1; DE 10-1 at 3. On December 17, 2010, the Defendants received admissions from Family Express. *See* DE 10-2 at 1. Therein, Family Express admitted that its total damages exceed $75,000. *See* DE 10-2 at 1. Four days later, on December 21, 2010, the Defendants filed a notice of removal, pursuant to 28 U.S.C. §§ 1332 (diversity jurisdiction), 1441, and 1446. *See* DE 10-3.

On January 12, 2011, Family Express filed a motion to remand, arguing that the Defendants' removal was not timely. *See* DE 8. Specifically, Family Express argues that the Defendants, through their attorney, were well aware that the amount of controversy exceeded the jurisdictional minimum, at the time the complaint was filed, on account of the parties' pre-litigation settlement correspondence and the formal demand letter. On January 26, 2011, the Defendants filed a response in opposition, asserting that the settlement letters were inadmissible and that the jurisdictional amount was not readily discernable from the face of Family Express's complaint. *See* DE 10. On February 7, 2011, Family Express filed a reply. *See* DE 11.

## II. Analysis

**A. Applicable Law.**

The Federal removal statute provides, in relevant part, as follows,

[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, . . ..

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . ..

28 U.S.C. § 1446(b). Courts are instructed to interpret the removal statute narrowly and presume

that the plaintiff may choose his or her forum. *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993); *Town of Ogden Dunes v. Siwinski,* 2008 WL 1804104 at *2 (N.D. Ind. 2008). The party seeking removal has the burden of establishing that removal is proper, and any doubt regarding jurisdiction should be resolved in favor of remand to state court. *Allied-Signal*, 985 F.2d at 911; *Siwinski,* 2008 WL 1804104 at *2.

Family Express argues that the Defendants' notice of removal was untimely and that this case should, therefore be remanded to state court. Specifically, Family Express contends that the thirty-day window afforded by Section 1446(b) began when the Defendants were served with the complaint on September 24, 2010. In this regard, Family Express notes that the Defendants had prior knowledge from the parties' pre-litigation correspondences that the "amount in controversy" requirement was established. The Defendants primarily respond by arguing that the issues addressed in the parties' pre-litigation correspondences are fundamentally different than those addressed in Family Express's complaint, given the fact Family Express added claims against HMA in its complaint. Further, the Defendants contend that it was not possible to determine the amount in controversy from the face of Family Express's complaint because no amount of alleged damages is stated therein. Consequently, the Defendants assert that they did not know that the amount in controversy met the jurisdictional minimum for removal until the Defendants received Family Express's admissions.

**B. Federal Evidence Rule 408 does not prohibit use of pre-litigation demand letters to establish that the Defendants had notice of the amount in controversy.**

The Defendants begin by asserting that Rule 408 of the Federal Rules of Evidence prohibits Family Express's use of the parties' pre-litigation settlement discussions to establish the value of Family Express's claims. [DE 10 at 3]. Family Express responds that the

5

correspondences have not been submitted to prove liability or the amount of a disputed claim. Rather, Family Express argues that the letters are submitted to establish that the Defendants had notice of the jurisdictional amount in controversy at the time the complaint was filed. The Court agrees with Family Express and considers the pre-litigation letters to be admissible for purposes of Family Express's motion to remand.

> Federal Rules of Evidence Rule 408 reads, in relevant part, as follows,
>
> Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount . . . conduct or statements made in compromise negotiations regarding the claim

Fed. R. Evid. 408(a). The Seventh Circuit has concluded that settlement letters may be used for the purpose of establishing the amount in controversy for purposes of jurisdiction. *See Rising-Moore v. Red Roof Inns, Inc.,* 435 F.3d 813, 816 (7th Cir. 2006) (concluding that a prior settlement offer can be admitted to "show the stakes, a question independent of the claim's merit"); *Thomas v. Law Firm of Simpson & Cybak,* 244 Fed.Appx. 741, 744 (7th Cir. 2007) (concluding that it was not an abuse of discretion to admit a prior settlement order to establish jurisdiction). Family Express does not submit the letters to establish the actual value of its claims but, rather, to show that the Defendants had notice that the amount in controversy was likely satisfied. Based upon the Seventh Circuit's prior rulings in this regard, the Court considers the parties' pre-litigation letters to be admissible for the narrow purpose of establishing whether the Defendants had notice of the amount in controversy. *Id.*

**C. Remand is appropriate under *Huntsman*.**

Family Express argues that, because the Defendants had knowledge that the amount in controversy exceeded the jurisdictional minimum at the time the complaint was filed, on account

of the parties' pre-litigation settlement discussions, the thirty-day time period for removal began when Family Express served its complaint. Family Express persuasively bolsters its argument in this regard by identifying a closely analogous case from the Northern District of Illinois that previously decided this precise issue. *See Huntsman Chem. Corp. v. Whitehorse Techs., Inc.*, 1997 WL 548043 (N.D.Ill. 1997) (Hereinafter "*Huntsman*"). In *Huntsman*, the court concluded that pre-suit communications, indicating that the plaintiff's claims exceeded the minimum jurisdictional amount for removal, were sufficient to start the thirty-day removal clock running upon service of the complaint, even despite the lack of an *ad damnum* clause in the complaint. *Huntsman*, 1997 WL 5480443 at **5-6.

Specifically, in *Huntsman*, before the filing of the complaint, the defendant had received communications from the plaintiff which indicated that the plaintiff's claims exceeded the jurisdictional minimum for removal. *Huntsman,* 1997 WL 548043 at **2, 6. Thereafter, despite the defendant's awareness of the potential value of the plaintiff's claims, the defendant waited until 166 days after the complaint was filed to remove the case; waiting, instead, until the defendant received a response to one of its requests for admissions, specifically affirming that the amount in controversy met the jurisdictional minimum for removal. *Id.* at **1-2. Concluding that remand was appropriate based on the parties' pre-suit communications, the *Huntsman* court opined,

> The section 1446(b) triggering event is the acquisition of information by the defendant that allows it to determine whether the case is removable. How that information is acquired is immaterial. The quality and quantum of information required is that sufficient to satisfy defendant's obligations under Rule 11. Certainty is not required-all that a conscientious defendant needs is a reasonable basis in fact to believe that diverse citizenship and the amount requirements are satisfied.

*Huntsman*, 1997 WL 5480443 at **5-6. *See also Town of Ogden Dunes v. Siwinski,* 2008 WL

7

1804104 *4 (N.D. Ind. 2008) (finding removal untimely and remand appropriate wherein the Defendant could have reasonably ascertained the amount in controversy at an earlier point in the litigation, by estimating the potential damages from the allegations in the complaint, but failed to do so, even though the complaint itself did not specify the amount in controversy).

Likely recognizing that *Huntsman* persuasively points towards remand of the immediate case, the Defendants attempt to distinguish the facts of this case from those in *Huntsman*. First, the Defendants note that the prior settlement negotiations in this case were made between Family Express and Creative and did not include HMA.[2] As a result, the Defendants assert that the issues discussed in the prior communications are fundamentally different than those identified in Family Express's complaint. Further, the Defendants argue that Family Express's addition of claims against HMA could have lowered the amount in controversy from what was originally discussed in the settlement discussions between Family Express and Creative.

The Court is not persuaded that the claims discussed in the parties settlement communications are fundamentally different than those in the complaint. In both the settlement letters and the complaint, Family Express contends that Creative did not exercise an appropriate standard of care in its management of workers' compensation claims by, among other things, failing to properly investigate claims, failing to seek medical documentation, and failing to obtain return-to-work restrictions for the claimants. *Compare* DE 1 at 3-4 and DE 9-1 at 5; DE 9-2 at 3-5. These documents are remarkably similar in both the asserted facts and legal bases for relief. The Court is also not persuaded that Family Express's addition of claims against HMA in the complaint likely lowered the amount in controversy from the $300,000 previously discussed

---

[2]The Court notes that the Defendants do not argue that HMA was not privy to the prior settlement negotiations; and, indeed they can not, given that the Defendants have, at all times relevant to this litigation, shared the same attorney.

in the parties' settlement discussions. The complaint incorporates all of the issues discussed in the prior settlement letters which involve Creative and *adds* additional claims against HMA. The Defendants have failed to produce any case law or provide practical explanation to demonstrate how the *addition* of parties and claims might *reduce*, rather than increase, the amount in controversy.

In addition, the Defendants attempt to discredit the precedential value of *Huntsman* by pointing to another decision from the Northern District of Illinois, which disagreed with *Huntsman* and held, instead, that a defendant need not remove a case within thirty-days if the complaint does not clearly establish the amount in controversy. *See Abdishi v. Phillip Morris, Inc.*, 1998 WL 311991 at *3 n.4 (N.D.Ill. 1998). However, the Court is not persuaded that *Abdishi* is controlling for several reasons. First, *Abdishi* was largely decided upon a Local Rule of the Northern District of Illinois, which is not applicable here. *See Abdishi*, 1998 WL 311991 at **1-2. Second, *Abdishi* did not address whether a written settlement offer, like the one in the immediate case, rather than an oral one would satisfy as an "other paper" for purposes of 28 U.S.C. § 1446(b). *See Abdishi*, 1998 WL 311991 at *3 (discussing oral settlement demands). Third, in stark contrast to the holding in *Abdishi*, a recent case from this District has indicated that a defendant runs the risk of tolling the removal time, if the defendant fails to estimate the likely amount in controversy from the claims asserted in the complaint, even despite the lack of an *ad damnum* clause on the face of the complaint. *See Siwinski,* 2008 WL 1804104 at *4.

In sum, the Court is persuaded that remand is appropriate in this case for the same reason remand was appropriate in *Huntsman*. The Defendants had notice that Family Express's claims likely exceeded the minimum jurisdictional amount for removal when the complaint was filed but failed to remove with the thirty-day statutory window. Because removal was, therefore,

9

untimely and because the Court resolves any doubt regarding jurisdiction in favor of remand, the Court considers remand to be appropriate in this case. *See Huntsman*, 1997 WL 5480443 at \*\*5-6; *Allied-Signal*, 985 F.2d at 911.

### III. Conclusion

For the aforementioned reasons, the Court now **GRANTS** Family Express's motion to remand. [DE 8]. Accordingly, pursuant to 28 U.S.C. 1447, the Court now **REMANDS** this case to Porter County Circuit Court for all further proceedings.

SO ORDERED.

ENTERED: June 16, 2011

                                                    /s/ JON E. DEGUILIO  
                                                    Judge  
                                                    United States District Court